IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YUKIE SOTO-ELLIOTT,<br><br>    Plaintiff,<br><br>vs.<br><br>DON SHIPLEY, CAROL DIANE<br>BLAZER SHIPLEY, and EXTREME<br>SEAL EXPERIENCE, LLC;<br><br>    Defendants. | **8:24CV359**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Yukie Soto-Elliott ("Plaintiff") filed a Complaint on September 13, 2024. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). In conducting this review, the Court also considers Plaintiff's motion to amend complaint ("Motion to Amend") filed on December 19, 2024, Filing No. 7, and the contents of the flash drive attachment Plaintiff filed on March 11, 2025, Attachment A10 to Filing No. 10.

## I. SUMMARY OF COMPLAINT

Plaintiff sues Don Shipley and Carol Diane Blazer Shipley (collectively the "Shipleys") and Extreme Seal Experience, LLC ("Extreme Seal"), which appears to be a business owned by the Shipleys through which they make and post internet videos. Plaintiff seeks damages and injunctive relief against the defendants because she alleges the defendants have been posting online videos defaming Plaintiff and revealing her personal information, which has placed Plaintiff in danger from third parties.

Plaintiff's Complaint is 243 pages in length with over 200 of those pages consisting of copies of what appear to be social media and other internet posts and messages. Plaintiff's factual allegations are difficult to discern as her allegations are often interspersed with recitations of various legal or other authorities. As best the Court can tell, Plaintiff alleges the following as her statement of claim:

The defendants have a private website that targets Plaintiff because Plaintiff was a registered sex offender. Filing No. 1 at 3. The defendants went viral on August 8, 2018, after posting a video titled "Phony Navy SEAL Phony Army Ranger of the Week. Robert Christian Elliott. The TOTAL NUT JOB Phony SEAL."[1] Filing No. 1 at 2, 8. It appears Plaintiff's ex-wife provided a picture to the defendants of Plaintiff kneeling by a gravestone in a military dress whites uniform with a Seal hat and claimed that Plaintiff was falsely posing as a Navy Seal, though Plaintiff was only wearing the uniform as a Halloween costume. Filing No. 1 at 3; Filing No. 7 at 10. The defendants posted the August 8, 2018, video based on the information provided by Plaintiff's ex-wife without speaking to or interviewing Plaintiff. Filing No. 1 at 3.

On May 6, 2020, the defendants posted another video titled "Phony Navy SEAL of the Week . . . Robert Elliott. The Don Shipley Slandered my Character While I was in Prison for Sex Crimes Phony Seal," which Plaintiff alleges contained false allegations as Plaintiff "was not in prison for a sex crime [but] the plaintiff was there for domestic assault and intentional child abuse only on 10-5-2017." Filing No. 1 at 10; Filing No. 7 at 41. The defendants also posted a video on November 18, 2023, which appears to have repeated the same false information about Plaintiff posing as a Navy Seal, as well as possibly revealing

---

[1] "Robert Christian Elliott" was Plaintiff's former name before she had it legally changed. *See Elliott v. Roberts*, No. 8:22-cv-00177-SMB-MDN (D. Neb.) (Filing No. 21).

Plaintiff's address or other identifying information. Filing No. 1 at 6, 8–9; Filing No. 7 at 35.

At some point, Plaintiff contacted the defendants and explained that he was wearing a Halloween costume in the photo at issue and he "was never once a navy seal nor a[n] army ranger." Filing No. 7 at 41. Plaintiff sent the defendants several requests that they cease and desist their actions, and Plaintiff's ex-husband called the Shipleys on September 6, 2024, to ask them to remove the posts and videos, but the defendants instead "made mockery and [showed] no remorse in their illegal actions." Filing No. 1 at 6. The defendants also appeared to post another video of the September 6, 2024, call with Plaintiff's ex-husband. Filing No. 1 at 9; Filing No. 7 at 8–11, 32–33; *see also* Attachment 10 to Filing No. 10.

Plaintiff alleges the defendants have been stalking and following Plaintiff's every movement, Filing No. 1 at 4, and have disclosed Plaintiff's private, residential address and his work address to their followers with the intent "to send his customers to attack physically mentally at the plaintiff . . . to attempt to murder a transgender woman based on a Halloween picture that a[n] ex-wife [retaliated] on her after coming out as transgender," Filing No. 1 at 5. It appears the defendants may have obtained Plaintiff's addresses from public records, including Plaintiff's sex offender registration. Filing No. 7 at 4, 41, 44.

As relief, Plaintiff seeks compensatory and punitive damages against the defendants for the emotional stress and mental abuse she has suffered, as well as for the medical costs and loss of wages she has incurred. Plaintiff also seeks to have the defendants arrested and to shut down the Extreme Seal video blog. Filing No. 1 at 24–25.

3

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for

relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

In evaluating Plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Federal courts can adjudicate *only* those cases that the Constitution and Congress authorize them to adjudicate which generally are those in which: 1) the United States is a party; 2) a federal question is involved; or 3) diversity of citizenship exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A case presenting a federal question arises under the Constitution, laws, or treaties of the United States (as opposed to the laws of the individual states). *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir. 1997) (citing 28 U.S.C. § 1331). "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)). As the United States is not a party to this action, the Court examines whether Plaintiff's pleadings sufficiently allege grounds establishing either federal question jurisdiction or diversity of citizenship jurisdiction.

## A. Federal Question Jurisdiction

In her Complaint, Plaintiff cites or alludes to various federal statutes, but, upon review, the statutes cited are either inapplicable to Plaintiff's claims

5

or do not support a private cause of action under which Plaintiff may obtain relief.

### 1. 42 U.S.C. § 1983

Liberally construed, Plaintiff may be asserting claims for civil rights violations pursuant to 42 U.S.C. § 1983. *See* Filing No. 1 at 25; Filing No. 7 at 1. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). A § 1983 claim may be brought against a private individual if she conspires with a state actor to deprive a person of his or her constitutional rights. *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999).

Here, Plaintiff does not set forth any allegations suggesting the defendants are state actors or private individuals who have conspired with a state actor to deprive Plaintiff of her constitutional rights. Consequently, no civil rights action can be maintained under 42 U.S.C § 1983. *See Clark v. Aerni*, No. 8:24CV392, 2024 WL 4906131, at *4 (D. Neb. Nov. 27, 2024) (dismissing § 1983 claim against private individual where complaint failed to allege facts suggesting state action or a plausible conspiracy claim between the private individual and a state actor); *Pavon v. Norfolk Daily News*, No. 4:07CV3077, 2007 WL 1651239, at *1 (D. Neb. June 4, 2007) (dismissing § 1983 action as frivolous where complaint failed to allege defendant newspaper and employees acted under color of state law). Thus, Plaintiff fails to state a § 1983 claim, and, consequently, § 1983 cannot serve as grounds for the Court's jurisdiction.

6

### 2. Title VI

Plaintiff appears to assert a claim for retaliation in violation of "Title VI," which the Court understands to refer to Title VI of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000d. Filing No. 1 at 3. Title VI, however, is inapplicable here as it prohibits discrimination on the basis of race, color, or national origin in any program receiving federal funds. 42 U.S.C. § 2000d. Nothing in the Complaint suggests the defendants are a program or activity receiving federal funds and, thus, subject to Title VI. Plaintiff's Title VI claim must be dismissed.

### 3. Federal Criminal Statutes and Regulation

In her Complaint, Plaintiff cites to a number of federal criminal statutes and appears to assert that the defendants violated these statutes. The statutes Plaintiff cites are: 18 U.S.C. § 249 (federal hate crime statute); 18 U.S.C. § 1001 (prohibiting false and fraudulent statements to the Federal Government); 18 U.S.C. §§ 1621–1623 (federal perjury criminal statutes); and 18 U.S.C. § 2261A (federal crime of stalking). *See* Filing No. 1 at 4–5, 11. However, these statutes cannot serve as a basis for this Court's federal jurisdiction as they do not provide Plaintiff a private right of action.

"It is well established that federal criminal statutes generally do not provide private rights of action." *Edwards v. Edwards*, No. 4:23-CV-4106-LLP, 2023 WL 7305026, at *8 (D.S.D. Nov. 6, 2023) (citing *Firson v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are . . . poor candidates for the imputation of private rights of action . . . .") (quotation omitted)). Case law is clear that Plaintiff does not have a private cause of action under 18 U.S.C. § 249, *see, e.g.*, *Nawrocki v. Bi-State Dev.*, No. 4:18-CV-01034, 2018 WL 4562908, at *5 (E.D. Mo. Sept. 24, 2018)

(citing *Sandifer v. Hopkins*, No. CV 17-6580, 2018 WL 321951, at *4 (E.D. La. Jan. 8, 2018) (stating that 18 U.S.C. § 249 "is a criminal statute penalizing certain hate crimes…it does not confer private remedies")); 18 U.S.C. § 1001, *see, e.g.*, *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) (affirming dismissal of claim under 18 U.S.C. § 1001 "because the statute does not create a private cause of action"); *Lee v. Omaha Hous. Auth. Found. Inc.*, No. 8:24CV203, 2025 WL 588030, at *5 (D. Neb. Feb. 24, 2025) (dismissing claim premised on 18 U.S.C. § 1001 as statue does not provide for a private right of action); the federal perjury statutes, *see, e.g.*, *Edwards*, 2023 WL 7305026, at *9 (recognizing "authority holding that there is no[] private right of action under the federal perjury statutes," 18 U.S.C. §§ 1621 and 1623); *Horde v. Elliot*, No. 17-CV-800, 2018 WL 987683, at *18 (D. Minn. Jan. 9, 2018) ("[I]t is well-settled that there is no private right of action under 18 U.S.C. §§ 1622–1623." (citing cases)); or 18 U.S.C. § 2261A, *see, e.g.*, *Welch v. Wright*, No. 4:23CV3128, 2023 WL 5287421, at *10 (D. Neb. Aug. 17, 2023) ("Courts, however, have specifically held that 18 U.S.C. § 2261A is a federal criminal statute that does not provide a private right of action, and therefore, cannot be used as a jurisdictional basis."); *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016) ("Case law is also unanimous that no private right of action is available under § 2261A." (citing cases)). Thus, to the extent Plaintiff premises any of her claims on these criminal statutes, such claims must be dismissed.

Plaintiff also cites to 25 C.F.R. § 11.402, *see* Filing No. 1 at 11, which makes it a misdemeanor offense if a person "threatens to commit any crime of violence with purpose to terrorize another or to cause evacuation of a building, place of assembly or facility of public transportation, or otherwise to cause serious public inconvenience or in reckless disregard of the risk of causing such

terror or inconvenience." However, there is absolutely no indication that this federal regulation creates a private cause of action, and the Court finds it does not. *See Tucker v. Sedlak*, No. 2:24-CV-00303-CCW, 2024 WL 4434965 (W.D. Pa. Oct. 7, 2024) (dismissing claim premised on 25 C.F.R. § 11.402 with prejudice as the regulation does not provide for a private right of action).

Additionally, to the extent Plaintiff seeks the arrest and bringing of criminal charges under these statutes or any other criminal statutes against the defendants, Plaintiff lacks standing to assert such claims as "[t]he Court is not aware of a constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime." *Doe v. Mayor and City Council of Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md. 1990). Nor does the Court have authority to initiate criminal proceedings against the defendants as "the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials." *Nieves v. Bartlett*, 587 U.S. 391, 417 (2019) (Gorsuch, J., concurring in part and dissenting in part); *see also United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *Cragoe v. Maxwell*, No. CIV 11-4188, 2012 WL 462960, at *2 (D.S.D. Feb. 13, 2012) ("If [the pro se plaintiff] believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings.") (collecting cases); *Blechinger v. Sioux Falls Hous. & Redevelopment Comm'n*, No. CIV. 12-4004, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012) (neither pro se plaintiff nor the court can charge defendant with a crime because "[w]hether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion" (internal quotation

9

marks and citation omitted)). Accordingly, Plaintiff's request to arrest and bring criminal charges against the defendants does not state a federal claim.

### 4. Federal Wiretap Act

Plaintiff also cites to the Federal Wiretap Act, 18 U.S.C. §§ 2510–2522, in conjunction with her allegation that she "didn't give consent [sic] for [the defendants] to record me." Filing No. 1 at 6–7. The Court understands Plaintiff's allegation as referring to the Shipleys' playing of voice mail messages left by Plaintiff and Plaintiff's ex-husband for the Shipleys in videos posted online. *See* Attachment 10 to Filing No. 10.

The Federal Wiretap Act is the federal law that regulates the interception of oral communications. 18 U.S.C. §§ 2510 *et seq.* A private cause of action does exist for violation of the Federal Wiretap Act. 18 U.S.C. § 2520. However, the Act specifically provides that the interception of wire, oral, or electronic communications shall not be unlawful where the interception is done by a party to the conversation or where one of the parties to the conversation has given prior consent to such interception, unless the communication is intercepted for the purpose of committing any criminal or tortious act. 18 U.S.C. § 2511(2)(d). Thus, to state a claim, a plaintiff bringing a Wiretap Act claim against a defendant who was a party to the communication underlying the claim must plead sufficient facts to support an inference that the defendant "intercepted the communication for the purpose of a tortious or criminal act that is independent of the intentional act of recording." *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 145 (3d Cir. 2015) (emphasis omitted) (citing 18 U.S.C. § 2511(2)(d)).

Here, nothing in Plaintiff's pleadings or the defendants' videos contained on the flash drive Plaintiff provided suggest that the defendants intercepted Plaintiff's voice mail messages for the purpose of committing any criminal or

tortious act. At most, Plaintiff alleges the defendants' use of her voice mail messages in their online videos violated her right to privacy, but such allegation is insufficient to establish a violation of the Federal Wiretap Act. As the Eighth Circuit remarked,

> We reject defendant's argument that the recording in question constituted a "tortious" invasion of his right of privacy under § 2511(2)(d). Under this theory, any interception, whether recorded for a legitimate purpose or not, would be unlawful and excluded. This is not the construction intended. *See Meredith v. Gavin*, 446 F.2d 794, 798–799 & n.5 (8th Cir. 1971). Furthermore, each willing participant in a conversation takes the risk that another participant may divulge the contents of that conversation. If the conversation is divulged, whether by memory of the participant or by electronic reproduction, there is no violation of any privacy right. *Cf. Rathbun v. United States*, 355 U.S. 107, 111, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957); *Smith v. Cincinnati Post & Times-Star*, 475 F.2d 740, 741 (6th Cir. 1973).

*United States v. Phillips*, 540 F.2d 319, 327 n.5 (8th Cir. 1976).

Because Plaintiff has failed to allege facts establishing a violation of the Federal Wiretap Act, this claim fails and cannot serve as the basis for this Court's federal jurisdiction.

## 5. Other Federal Laws

Plaintiff also cites to a federal regulation, 28 C.F.R. § 55.17, and a federal statute, 5 U.S.C. § 552a, that are inapplicable to her claims.

Plaintiff alleges the defendants have "target[ed] the plaintiff for over 7 years" in violation of 28 C.F.R. § 55.17, which defines "targeting" as "a system in which the minority language materials or assistance required by the [Voting Rights] Act are provided to fewer than all persons or registered voters." Clearly, this regulation has no application to Plaintiff's allegations as it relates to terminology used in the Voting Rights Act, and Plaintiff's claim premised on this regulation must be dismissed.

11

Plaintiff alleges the defendants "are military" and "violated The 'No Disclosure Without Consent' Rule" in 5 U.S.C. § 552a(b) as they "did not have any consent to record, post, or take videos or pictures of and from the plaintiff." Filing No. 1 at 23 (punctuation corrected). Section 552a(b) provides, in relevant part: "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ." 5 U.S.C. § 552a(b). This statute clearly does not apply to the defendants because, even assuming they "are military," the defendants are not an agency within the meaning of § 552(a)(b). The definition of agency in § 552a is taken from § 552 and "includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). The defendants clearly do not fit this definition, and Plaintiff's claim pursuant to 5 U.S.C. § 552a(b) must be dismissed.

Finally, to the extent Plaintiff purports to rely on any other federal laws or rules, such as military codes of conduct or "homeland security law," *see* Filing No. 1 at 16, 22–23, the Court can discern no cognizable federal claim for relief under such provisions nor any basis for the Court's federal question jurisdiction.

## B. Diversity of Citizenship Jurisdiction

Plaintiff alleges "[t]he Defendants are not living [i]n Nebraska," and she provides a Virginia address for the Shipleys and a Maryland address for the Shipleys and Extreme Seal, indicating these addresses are the defendants' last known mailing addresses for service purposes. Filing No. 1 at 2. Plaintiff's

allegations suggest that subject-matter jurisdiction may be proper in this Court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.

For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). The state where a party resides does not necessarily establish that party's citizenship for the purpose of § 1332(a)(1). *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). "Citizenship requires permanence," whereas residency is a more fluid concept. *Id*. at 778. Unlike citizenship, residency does not require an intent to make a place home. *See Ellis v. Se. Constr. Co.*, 260 F.2d 280, 281 (8th Cir. 1958). As such, while an individual could, for example, be a resident of multiple states, they can only be a citizen of one. *Reece*, 760 F.3d at 778. Some factors considered when determining citizenship of an individual for the purpose of diversity are "where the person resides; where the person works; where the person votes; the States that issues the person's driver's license; where the person seeks medical treatment; where the person pays taxes; and what address the person lists as his address on various documents." *Salveson v. Miller*, 489 F. Supp. 2d 963, 966 (D.S.D. 2007) (citing *Altimore v. Mount Mercy College*, 420 F.3d 763, 769 (8th Cir. 2005)).

Though Plaintiff has only provided what she describes as the Shipleys' "mailing addresses," both addresses are located in states other than Nebraska, and, thus, the Court could assume that the Shipleys are citizens of a different state. However, as Extreme Seal is listed in the Complaint as an LLC, Extreme Seal's citizenship is not properly pleaded.

13

"[D]iversity jurisdiction in a suit by or against [an unincorporated] entity [such as an LLC] depends on the citizenship of all the [unincorporated entity's] members," not its principal place of business. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (internal quotation marks and citation omitted); *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828–29 (8th Cir. 2004). As Plaintiff does not appropriately allege the citizenship of Extreme Seal, the Court cannot determine Extreme Seal's citizenship and, therefore, whether diversity exists. The Court will give Plaintiff leave to amend her complaint to properly plead the citizenship of all members of Extreme Seal in order to establish the Court's diversity jurisdiction.

In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Here, Plaintiff does not allege the amount in controversy, but only includes a request for unspecified damages. Filing No. 1 at 24–25. If Plaintiff amends her Complaint, she must set forth sufficient allegations to establish that the amount in controversy exceeds $75,000.00.

## C. Filing of an Amended Complaint

Also if Plaintiff chooses to amend her Complaint, she should keep the following discussion in mind regarding the claims she may be attempting to assert and the form of her pleading.

### 1. Defamation, Invasion of Privacy, and False Light

Plaintiff appears to assert state-law tort claims of defamation, false light invasion of privacy, and invasion of privacy based on the defendants' online videos about Plaintiff. Filing No. 1 at 2, 6, 20. Assuming Plaintiff could establish diversity of citizenship jurisdiction, this Court would apply the substantive law of Nebraska to such claims. *Fogelbach v. Wal–Mart Stores, Inc.*, 270 F.3d 696, 698 (8th Cir. 2001).

14

In Nebraska, a defamation claim requires: "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Rogers v. Univ. of Pittsburg*, No. 4:23-CV-3058, 2025 WL 1381461, at *1–2 (D. Neb. May 13, 2025) (citing *Palmtag v. Republican Party of Neb.*, 999 N.W.2d 573, 587 (Neb. 2024); *JB & Assoc., Inc. v. Neb. Cancer Coal.*, 932 N.W.2d 71, 79 (Neb. 2019)). A statement that tends to harm the reputation of another as to lower him in the estimation of the community is defamatory. *Id.* (citing *JB & Assoc., Inc.*, 932 N.W.2d at 79). A statement also may be defamatory if it leads to a false impression that would be contradicted by omitted facts. *Id.* (citing *Mohr v. Grant*, 108 P.3d 768, 827 (Wash. 2005) (en banc) (describing a defamation by omission case); *Janklow v. Newsweek, Inc.*, 759 F.2d 644, 648 (8th Cir. 1985)).

To state a false light invasion of privacy claim, a plaintiff must allege that the defendant publicized a matter concerning the plaintiff that places the plaintiff before the public in a false light and "(1) the false light in which the other was placed would be highly offensive to a reasonable person and (2) the [defendant] had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Elbert v. Young*, 977 N.W.2d 892, 903 (Neb. 2022). "However, if a plaintiff asserts claims of both defamation and false light invasion of privacy based on the same statement, the false light claim is subsumed within the defamation claim and is not separately actionable." *Id.* Stated another way, "[a] false light claim can only survive as a separate cause of action if it alleges a nondefamatory statement." *Id.*

15

The tort of invasion of privacy is set forth in Neb. Rev. Stat. § 20-203, which provides: "Any person, firm, or corporation that trespasses or intrudes upon any natural person in his or her place of solitude or seclusion, if the intrusion would be highly offensive to a reasonable person, shall be liable for invasion of privacy." The Nebraska Supreme Court has "described the invasion of privacy as one consisting solely of an intentional interference with the plaintiff's interest in solitude or seclusion, either as to his person or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man." *Whipps Land & Cattle Co. v. Level 3 Commc'ns, LLC*, 658 N.W.2d 258, 269 (Neb. 2003) (cleaned up).

In addition, defamation, false light, and invasion of privacy claims are subject to a one-year statute of limitations in Nebraska. *See* Neb. Rev. Stat. § 25-208 (action for libel or slander must be brought within one year); Neb. Rev. Stat. § 20-211 (action for invasion of privacy must be brought within one year). Nebraska's single publication rule also applies to internet postings and publications and prevents a plaintiff from alleging "more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication." Neb. Rev. Stat. § 20-209; *see also Timothy L. Ashford, PC LLO v. Roses*, 984 N.W.2d 596, 615 (Neb. 2023) (holding unfavorable Google review was a single publication and plaintiff's cause of action accrued on date the review was first published).

Here, Plaintiff's vague and confusing allegations make it difficult to discern exactly what was said about Plaintiff, who said it, when it was said, or how the statement was false, defamatory, placed Plaintiff in a false light, or intruded upon her solitude. Plaintiff appears to allege that the defendants falsely claimed that Plaintiff was posing as a Navy Seal in their August 8, 2018, video and that the defendants falsely stated that Plaintiff was in prison for sex

16

crimes in their May 6, 2020, video. However, even if the Court assumes such statements are defamatory or place Plaintiff in a false light, Plaintiff's claims regarding these two videos would be barred by the statute of limitations as she filed more than a year after their publication. And, to the extent Plaintiff bases any defamation or false light claims on videos posted within a year of her filing her Complaint, such as the November 18, 2023, video, Plaintiff has not alleged sufficient facts to show what statements were made about her, how the statements were false or portrayed her in a false light, and how the statements harmed her. Similarly, to the extent Plaintiff asserts invasion of privacy claims based on the defendants' alleged revelation of Plaintiff's personal information, the Complaint's allegations are too unclear to discern exactly what private information the Defendants divulged and when. Plaintiff must address these deficiencies if she chooses to amend her Complaint.

### 2. Pleading Rules

Plaintiff must also address the general pleading deficiencies in her Complaint if she decides to file an amended complaint. Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.,* *Williams v. Harmon,* 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other procedural requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and

provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the Court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the Court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994)). "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Here, Plaintiff's Complaint fails to meet the minimal pleading standard in Rule 8 as it does not contain a "short and plain statement" of her claims nor is it "simple, concise, and direct." Rather, Plaintiff's Complaint largely consists of disjointed, confusing, and conclusory allegations that the defendants have violated Plaintiff's rights or harmed her without providing sufficient factual allegations to demonstrate how they have done so. "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2); citation

omitted)). In amending her Complaint, Plaintiff must avoid lengthy regurgitation or descriptions of statutory, case, or other legal text. Instead, Plaintiff must allege <u>facts</u>, i.e., what happened, when it happened, who did it, and how she was harmed as a result. Conclusory allegations will be disregarded, as will Plaintiff's personal opinions regarding the motives others had for their actions or inactions.

Additionally, Plaintiff should refrain from filing copies of photographs, social media posts and messages, items from the Internet, and the like, as such paperwork can be filed, if relevant, in the course of motion practice later in the litigation. Such information is particularly unhelpful when no context or clear explanation is provided with the documents, as Plaintiff has done in her Complaint.

## IV. OTHER PENDING MOTIONS

### A. Motion to Amend, Filing No. 7

On December 19, 2024, Plaintiff filed her Motion to Amend, which she captioned as a "Motion to amend complaint[,] Motion for Arrest Warrant[,] Motion to grant protection order." Filing No. 7. For the reasons that follow, Plaintiff's Motion to Amend will be denied. However, the Court considered Plaintiff's Motion to Amend in conducting the initial review of the Complaint as stated above.

Primarily, Plaintiff's Motion to Amend appears to seek to amend her Complaint. Plaintiff included what appears to be a signed amended complaint starting at page 43 of the motion, which largely mirrors her original Complaint but adds new paragraphs 1 through 5 and lists additional witnesses and exhibits. *Compare* Filing No. 1 at 1–26, *with* Filing No. 7 at 43–64. A district court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a). "A decision whether to allow a party to amend [his]

19

complaint is left to the sound discretion of the district court . . . ." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). Pursuant to the Court's local rules, "[a] party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a).

Plaintiff did not comply with NECivR 15.1(a) when filing her Motion to Amend. Moreover, Plaintiff's proposed amended complaint suffers from the same defects as the original Complaint. Accordingly, Plaintiff's Motion to Amend is denied, but Plaintiff is given leave to file an amended complaint on the Court's own motion as set forth below.

Plaintiff's Motion to Amend also includes requests for arrest warrants to be issued for the defendants and for a "federal protection order" to protect Plaintiff from the defendants' alleged continued online harassment and cyberstalking. As discussed above, the Court does not have authority to arrest or initiate criminal proceedings against the defendants. Nor can the Court grant Plaintiff a "federal protection order" as "there is no federal statute that authorizes the issuance of a 'Federal Protection Order.'" *Barberio v. City of Burien*, No. C05-1569P, 2006 WL 2237704, at *5 (W.D. Wash. Aug. 3, 2006). Because the Court cannot grant Plaintiff the relief she seeks, her requests for such relief are denied.

## B. Motion of Intimidation, Filing No. 10

Plaintiff filed what she captioned a "Motion of Intimidation on the plaintiff" on March 11, 2025. Filing No. 10. The motion is over 500 pages in length, the vast majority of which are copies of social media posts, text messages, and other internet items Plaintiff submits to show that she continues to be subject to harassment, cyberstalking, and threats of violence

20

due to the defendants' and other individuals' actions. As best the Court can tell, Plaintiff asks the Court to intervene and secure local law enforcement's assistance in protecting Plaintiff and arresting the individuals harassing and threatening her, as well as to issue a protection order against defendant Don Shipley. *See* Filing No. 10 at 14–15.

While the Court understands that Plaintiff is frustrated with what she feels is law enforcement's inadequate response to the online harassment and threats she has received, as stated previously, the Court cannot direct local law enforcement officials to arrest anyone nor can the Court issue a federal protection order for Plaintiff's benefit. The Court, therefore, denies Plaintiff's motion as it seeks relief the Court cannot grant.

## C. Motion, Filing No. 13

On August 1, 2025, Plaintiff filed a motion captioned, in relevant part: "1. Motion to Compel Discovery of retaliation[,] 2. formal motion to the court of intimidation and requesting the judge to intervene[,] 3. Motion for retaliation based on the Public Records Act (PRA) . . . ." Filing No. 13.[2] Plaintiff also captioned her motion in several other cases she filed in this Court, and the motion was filed in each of those cases, namely: 8:25CV423, 8:22CV177, 8:24CV290, 8:25CV296, and 8:25CV37.[3] Plaintiff names 90 defendants in the caption of her motion, and she appears to seek relief unrelated to the present case. As best the Court can tell, with respect to the present matter, Plaintiff again appears to seek the Court's intervention with local law enforcement, a federal protection order, and the relief she requests in her Complaint. *See, e.g.*, Filing No. 13 at 8, 12, 22.

---

[2] Plaintiff also captioned the motion as "4. on case 8:24-cv-00290 withdraw my motion to amend due to violate the oral agreement settlement," which pertains only to another case she filed in this Court and which was addressed in that case. *See* Filing No. 15, Case No. 8:24CV290.

[3] To the extent Plaintiff seeks relief with respect to her other cases, such relief will not be addressed here but will be addressed in each respective case.

Again, the Court cannot require local law enforcement to take specific actions with respect to the investigation of alleged crimes against Plaintiff nor can the Court issue a federal protection order. The Court also cannot grant Plaintiff the relief she requests in her Complaint as Plaintiff must amend her Complaint to set forth grounds for this Court's jurisdiction and allege sufficient facts to state plausible claims for relief before this matter may proceed further. Accordingly, Plaintiff's motion at Filing No. 13 is denied.

## V. CONCLUSION

Plaintiff's Complaint fails to sufficiently allege grounds for this Court's jurisdiction and fails to state a plausible claim upon which relief may be granted. Thus, her Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). However, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently alleges grounds for the Court's federal jurisdiction, including the citizenship of all parties if Plaintiff seeks to proceed under diversity of citizenship jurisdiction, and alleges sufficient facts in support of her claims against the Shipleys and Extreme Seal.

In amending her Complaint, Plaintiff should be mindful to clearly explain in a **concise and organized** fashion what the defendants did to her, when defendants did it, how defendants' actions harmed her, and what legal rights Plaintiff believes Defendants violated. The Court will look at the facts pleaded and decide if they state a claim under any legal theory. So, it is important to plead <u>facts</u>—tell the story of what happened. If the facts as they apply to Plaintiff are laid out clearly, the Court may recognize the basis for a claim under a legal theory Plaintiff has not identified in her amended complaint.

22

Plaintiff's amended complaint also must comply with the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 8(a) and (d), which require that each "allegation . . . be simple, concise, and direct" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff is encouraged to use the court-approved form to draft her amended complaint, which the Clerk of the Court will provide to her, and she should carefully read and follow the instructions in the form.

Plaintiff must **<u>concisely</u>** summarize the relevant allegations of her Complaint and any new allegations **<u>in one document</u>**. Plaintiff is warned that an amended complaint will supersede, not supplement, her Complaint. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against the defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have until **October 3, 2025**, to file an amended complaint against the defendants Don Shipley, Carol Diane Blazer Shipley, and Extreme Seal Experience, LLC, in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2.      If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims she wishes to pursue against the defendants in the amended complaint. Plaintiff should be mindful to explain **<u>concisely</u>** in her amended complaint what each defendant did to her, when each defendant did it, how each defendant's actions harmed her, and what specific legal rights

Plaintiff believes each defendant violated. Plaintiff is encouraged to use the court-approved form to draft her amended complaint, and she should carefully read and follow the instructions in the form.

3.      Failure to consolidate all claims into **<u>one document</u>** may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, her Complaint.**

4.      Plaintiff shall not file additional motions to amend or supplements without strictly complying with Nebraska Civil Rule 15.1.[4]

5.      Plaintiff's amended complaint shall not contain lengthy regurgitation or descriptions of statutory, case, or other legal text, as appears in Filing No. 1. Plaintiff is further instructed to not file photographs, social media posts and messages, items from the Internet, and the like, as such paperwork can be filed, if relevant, in the course of motion practice later in the litigation.

6.      The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

7.      The Clerk of the Court is directed to send to Plaintiff the Form Pro Se 1 Complaint for a Civil Case.

---

[4] Nebraska Civil Rule 15.1(a) provides:

> A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments. Except as stated in these rules or court order, the proposed amended pleading must be a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties.

Nebraska Civil Rule 15.1(c) states: "The granting of the motion for leave to amend does not constitute filing the amended pleading. If granted leave to amend, the party must then file the amended pleading."

8.    The Clerk of the Court is directed to set a pro se case management deadline using the following text: **October 3, 2025**: amended complaint due.

9.    Plaintiff's Motion to Amend, Filing No. 7, is denied with respect to the relief requested. The Court, however, considered the Motion to Amend in conducting its initial review.

10.    Plaintiff's Motion of Intimidation, Filing No. 10, and other pending motion, Filing No. 13, are denied.


Dated this 3rd day of September, 2025.


BY THE COURT:

John M. Gerrard
Senior United States District Judge

25