IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YUKIE SOTO-ELLIOTT,<br><br>Plaintiff,<br><br>vs.<br><br>DON SHIPLEY, CAROL DIANE BLAZER SHIPLEY, and EXTREME SEAL EXPERIENCE, LLC;<br><br>Defendants. | **8:24CV359**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on what the Court construes as a motion for relief from judgment and for leave to amend filed by Plaintiff Yukie Soto-Elliott's ("Plaintiff"). Filing No. 18. For the reasons that follow, the Court will deny Plaintiff's motion.

## I. BACKGROUND

Plaintiff filed a Complaint on September 13, 2024, against defendants Don Shipley and Carol Diane Blazer Shipley (collectively the "Shipleys") and Extreme Seal Experience, LLC ("Extreme Seal"), a business owned by the Shipleys through which they make and post internet videos, alleging the defendants had been posting online videos defaming Plaintiff and revealing her personal information, which placed Plaintiff in danger from third parties. Filing No. 1. Plaintiff was given leave to proceed in forma pauperis.

On September 3, 2025, the Court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined it failed to sufficiently allege grounds for this Court's jurisdiction and failed to state a plausible claim upon which relief may be granted. Filing No. 14. Specifically, the Court found that none of the federal laws Plaintiff relied upon to establish

federal question jurisdiction were applicable to her claims or supported a private cause of action and that her allegations were insufficient to establish the Court's diversity jurisdiction. Filing No. 14 at 5–14. The Court further concluded that Plaintiff's allegations were insufficient to state plausible state-law claims of defamation, false light invasion of privacy, and invasion of privacy. Filing No. 14 at 14–17. The Court, however, gave Plaintiff leave to file an amended complaint by October 3, 2025, that "sufficiently alleges grounds for the Court's federal jurisdiction, including the citizenship of all parties if Plaintiff seeks to proceed under diversity of citizenship jurisdiction, and alleges sufficient facts in support of her claims against the Shipleys and Extreme Seal." Filing No. 14 at 22. In amending her Complaint, the Court admonished Plaintiff that her amended complaint must comply with Fed. R. Civ. P. 8(a) and (d) and must "plead facts" explaining "what the defendants did to her, when defendants did it, how defendants' actions harmed her, and what legal rights Plaintiff believes Defendants violated." Filing No. 14 at 22–23. The Court also warned Plaintiff that an amended complaint will supersede, not supplement, her Complaint. Filing No. 14 at 23.

Plaintiff did not file an amended complaint by October 3, 2025, and the Court dismissed this case without prejudice on November 14, 2025. Filing Nos. 16 & 17.

Subsequently, on November 24, 2025, Plaintiff filed the present motion, which she captioned, "1. Motion to overturn ruling of dismissal due to medical reasons and life threatening bounty from the defendant[,] 2. Motion to continue due to medical conditions[,] 3. Motion to seal all cases for protection[, and] 4. Answering order to final amend of case." Filing No. 18 at 6. Liberally construed, Plaintiff seeks relief from the Court's judgment because she was not able to handle any of her legal affairs due to medical issues and medications

she was taking after she was beaten on September 19, 2025, and due to her having surgery on November 10, 2025. Filing No. 18 at 9. Plaintiff also seeks to amend her Complaint and included a proposed amended complaint within her motion that is signed not only by herself but also by one of her proposed co-plaintiffs, Sasuke C. Soto-Elliott. *See* Filing No. 18 at 4–39. A third proposed co-plaintiff, Zack Cole, did not sign the proposed amended complaint. *See* Filing No. 18 at 4, 39.

## II. DISCUSSION

The Court liberally construes Plaintiff's request for relief from the judgment of dismissal as a motion under Federal Rule of Civil Procedure 60(b). Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). In addition, a Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1).

Plaintiff also seeks leave to file her proposed amended complaint in conjunction with her request for Rule 60(b) relief. *See* Filing No. 18 at 6. The United States Court of Appeals for the Eighth Circuit has "repeatedly explained that '[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal.'" *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (quoting *Mountain Home Flight Serv., Inc. v. Baxter Cnty.*, 758 F.3d 1038, 1045 (8th Cir. 2014)).

> Leave to amend should be granted liberally under Rule 15 prior to dismissal. After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend a pleading will be granted only "if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief."

*Id.* (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)).

Here, Plaintiff appears to seek relief from the judgment based on excusable neglect and extraordinary circumstances under Rule 60(b)(1) and (6). She argues, liberally construed, that her medical condition after she was beaten and her November 10, 2025, surgery prevented her from filing an amended complaint prior to the October 3, 2025, amendment deadline and the Court's November 14, 2025, dismissal. Plaintiff submitted two letters from medical providers, opining that Plaintiff would be unable to return to work or legal obligations "after she was threaten[ed] and beaten on . . . [October 5, 2025]," and would need six to eight weeks to recover after her November 10, 2025, surgery. Filing No. 18 at 1–2. The October 5, 2025, date of Plaintiff's beating identified by her medical provider is different than the date identified by Plaintiff in her motion and falls after Plaintiff's October 3, 2025, deadline to file an amended complaint. This discrepancy in the date of Plaintiff's beating aside, the Court finds that relief from the judgment is not warranted because

Plaintiff's proposed amended complaint fails to correct the deficiencies in her original Complaint and cannot proceed.

First, Plaintiff's proposed amended complaint fails to establish grounds for the Court to exercise federal question jurisdiction as all the federal statutes and laws Plaintiff cites are either inapplicable or cannot provide her any relief. For starters, Plaintiff again names the Shipleys and Extreme Seal as defendants and also adds Plaintiff's ex-wife, Tabitha R. Holdeman Elliott Berry ("Berry"), as a defendant. However, Plaintiff fails to allege any facts to suggest that these private parties are state actors or private individuals who have conspired with a state actor to deprive Plaintiff of her constitutional rights. Thus, Plaintiff cannot seek relief against the defendants under 42 U.S.C. § 1983 and it cannot serve as a basis for federal question jurisdiction. *See* Filing No. 14 at 6. The Court has also carefully reviewed the other federal laws cited by Plaintiff in her proposed amended complaint and finds, just as with Plaintiff's original Complaint, that the statutes either are not applicable to Plaintiff's claims[1] or do not provide a private right of action.[2]

[1] The inapplicable federal statutes cited by Plaintiff include 18 U.S.C. § 1389 (criminal statute prohibiting attacks on U.S. servicemembers); the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030(a)(2)(C) (providing that "[w]however . . . intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer" violates the CFAA); and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*., which applies to consumers, consumer reports, and consumer reporting agencies, *see Weber v. Specialized Loan Servicing, LLC*, 627 F. Supp. 3d 538, 544 (E.D.N.C. 2022).

[2] Plaintiff does not have a viable private right of action under 18 U.S.C. § 249, 18 U.S.C. § 2261A, 18 U.S.C. § 1514, 18 U.S.C. § 2071, 34 U.S.C. § 12361 of the Violence Against Women Act (VAWA), the Identity Theft and Assumption Deterrence Act of 1998, or HIPAA. *See* Filing No. 14 at 7–8 (discussing how federal criminal statutes generally do not provide private rights of action and finding 18 U.S.C. § 249 and 18 U.S.C. § 2261A, in particular, do not provide private causes of action); *see also U.S. v. Morrison*, 529 U.S. 598 (2000) (civil remedy under VAWA unconstitutional); *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action."); *Pelfrey v. Giordano*, No. 1:24-CV-354, 2025 WL 1748860, at *4 (E.D. Tenn. June 24, 2025) (18 U.S.C. § 1514 "does not confer a private right of action necessary to establish subject-matter jurisdiction over this case." (internal quotation omitted)); *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (Identity Theft and Assumption Deterrence Act of 1998, 18 U.S.C. § 1028, "is criminal in nature and provides no private right of action."); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 (S.D.N.Y. 1985)

Plaintiff's proposed amended complaint also fails to allege grounds for the Court to exercise diversity jurisdiction in this case. First, Plaintiff again fails to properly plead the citizenship of all members of Extreme Seal, an LLC, as he does not identify the members. Even assuming that the Shipleys are the only members of Extreme Seal and that they are citizens of a state other than Nebraska, Plaintiff fails to allege complete diversity of the parties as the only addresses provided for defendant Berry are addresses in Nebraska, and Plaintiff is clearly a citizen of Nebraska. *See* Filing No. 18 at 7–8. As Plaintiff has not alleged grounds establishing the Court's subject-matter jurisdiction, the Court declines to grant her leave to file her proposed amended complaint as such amendment would be futile.

Notwithstanding Plaintiff's failure to plead federal subject matter jurisdiction, the Court also finds amendment would be futile because Plaintiff's proposed amended complaint fails to allege facts to support any plausible claims for relief. Instead of facts, Plaintiff merely includes a list of approximately 150 conclusory allegations accusing the defendants of various wrongs with no supporting facts. *See* Filing No. 18 at 16–23. Plaintiff's proposed amended complaint, thus, does not satisfy her "obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); citation omitted)).

Because Plaintiff's proposed amended complaint would be subject to dismissal for the same reasons as her original Complaint, the Court finds Plaintiff has failed to demonstrate that she is entitled to relief from the Court's

(plaintiff can neither sue directly under 18 U.S.C. § 2071(b), nor use statute as a predicate for a section 1983 action).

judgment under Rule 60(b) and will deny her motion for leave to amend as futile.

IT IS THEREFORE ORDERED that: Plaintiff's motion for relief from judgment and for leave to amend, Filing No. 18, is denied.

Dated this 30th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge